**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-1440**

---

LINDA DONOVAN DECKER; DONNA DECKER FLORY,

                                    Plaintiffs - Appellants,

          versus

JONATHAN A. WATSON, Virginia State Police,

                                    Defendant - Appellee,

          and

JOHN DOE; RICHARD ROE,

                                    Defendants.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CA-00-1873-A)

---

Submitted:  September 28, 2001          Decided:  October 18, 2001

---

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Robert L. Deichmeister, FAGELSON, SCHONBERGER, PAYNE & DEICHMEISTER, P.C., Fairfax, Virginia, for Appellants. Randolph A. Beales, Attorney General of Virginia, Gregory E. Lucyk, Senior Assistant Attorney General, Kevin O. Barnard, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Linda Donovan Decker and Donna Decker Flory appeal the district court order granting Jonathan Watson's motion for summary judgment in their 42 U.S.C.A. § 1983 (West Supp. 2001) action. We have reviewed the record and the parties' briefs and find no reversible error. Specifically, Watson was entitled to qualified immunity because it was objectively reasonable for him to apply for a search warrant. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Torchinsky v. Siwinski, 942 F.2d 257, 260-64 (4th Cir. 1991). Moreover, Decker and Flory are not entitled to discovery, including the names of the informants, because they cannot establish a violation of a clearly established law. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Accordingly, we affirm on the reasoning of the district court. Decker v. Watson, No. CA-00-1873-A (E.D. Va. filed Mar. 1, 2001; entered Mar. 5, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED